Per curiam

After much argument at the bar, he is barred b> the warranty of his ancestor, and the assets descended to him, being of as much and indeed grea’er value, than the lands in tail. Secondly, he is barred by the express words of 1784, c. 22, s. 5, that declaros all sales and con\cj anees made bonajide. and for valuable consideration, since tiie first day of January, in the, ><>ar 1777, by any tenant in tail, in actual possession of any real estate, where such estate hath been conveyed iri fee simple, shall be good and effectual in law to bar any tenant or tenants in tail, and tenants in remainder, of and. from ail claim and claims, action and actions,Knd right of entry whatsoever, of, in and to such entailed esiarn, against any purchaser, ids heirs, and assigns, now in actual possession of such eslate, in the same manner as if such ten .nt m tail had possessed the same in fee. But as to the warranty, the Plaintiff’s counsel contended, that warranty and assets cannot bar the estate fail, because that had not been turned to a rigid befoie or ai the time when warranty descended. He cited Co. Litt. 388 b. There was a verdict and judgment for the Defendant.
Note. — Vide Wells v. Newbold, Conf. Rep. 375.